IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EUGENE GRIFFIN, *

    Petitioner, *

                              Civ. Action No. RDB-15-2552
v. * Crim. Action No. RDB-12-0585

UNITED STATES OF AMERICA, *

    Respondent. *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

The *pro se* Petitioner Eugene Griffin ("Petitioner" or "Griffin") pled guilty before this Court to one count of Possession with Intent to Distribute Cocaine in violation of 21 § 841(a)(a). (ECF No. 28.) Judge Quarles of this Court[1] sentenced Petitioner to sixty-three (63) months imprisonment, ECF No. 38, consistent with his agreement with the Government to a sentencing range of 63 months to 132 months, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Currently pending before this Court are Petitioner's Motion for Extension of Time to File 28 U.S.C. § 2255 (ECF No. 41), Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(2) (ECF No. 45), Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255(ECF No. 48), and Motion to Appoint Counsel (ECF No. 57). For the following reasons, Petitioner's Motion for Extension of Time to File 28 U.S.C. § 2255 (ECF No. 41) is DENIED as MOOT; the Motion to Reduce Sentence (ECF No. 45)

---

[1] Judge William D. Quarles of this Court presided over Foster's trial and sentenced him. This case was subsequently reassigned to the undersigned Judge Richard D. Bennett upon Judge Quarles' retirement from this Court.

1

is DENIED; the Motion to Vacate, Set Aside or Correct Sentence (ECF No. 48) is DENIED; and Petitioner's Motion to Appoint Counsel (ECF No. 57) is DENIED.[2]

## BACKGROUND

In August of 2009, Petitioner was arrested on charges in this case for possession with intent to distribute 41.58 grams of crack cocaine. (ECF No. 35 at 1.) Because this offense violated Petitioner's state court probation, he was held in state custody on a probation warrant. (*Id.*) Petitioner was still in state custody when he pled guilty in this Court to Possession with Intent to Distribute Cocaine, in violation of 21 § 841(a)(a), on September 3, 2013. (ECF No. 28.) The initial plea agreement contained a Rule 11(c)(1)(C) provision whereby Petitioner and the Government agreed to recommend a sentence between 63 and 132 months. (ECF NO. 29 at 4-5.) During Rearraignment, Petitioner stated that he understood that he was pleading guilty to possession of a quantity of cocaine for distribution. (ECF No. 54-3 at 4.) Petitioner also stated that he had met at length with his counsel regarding the terms of the Indictment, and that he was satisfied with his representation. (ECF No. 54-3 at 8.) In addition, Petitioner acknowledged that he understood he was waiving his right to appeal his sentence so long as it fell within the 63 to 132 month range. (ECF No. 29 at 6; ECF No. 54-3 at 14-15.)

---

[2] There is no Sixth Amendment right to counsel in collateral proceedings. *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987). A court may appoint counsel to a *pro se* litigant seeking Section 2255 relief if the court determines "that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that a court must appoint counsel only "[i]f an evidentiary hearing is required." *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings. As Petitioner has adequately presented his claims and grounds for relief, there is no reason to appoint counsel. The interests of justice do not require appointment of counsel, and no evidentiary hearing is necessary in this matter.

On October 13, 2013, after Rearraignment but prior to Sentencing, there was a hearing in state court on Petitioner's violation of state probation. (ECF No. 53 at 1.) At that hearing, Petitioner was sentenced to seven years in state custody. (*Id.*) In March of 2014, Petitioner was transferred to federal custody. (*Id.*) When Petitioner's counsel listened to a transcript of the state court hearing to determine why the state court gave Petitioner a seven year sentence, counsel discovered that the state's attorney had incorrectly stated that the controlled substance in the federal case was several kilograms of marijuana. (*Id.*)

On June 27, 2014, the Government and Petitioner jointly requested that this Court sentence Petitioner to 63 months to reflect Petitioner's five years of incarceration at the Baltimore City Jail since his initial arrest in 2009. (*Id.*) This agreement was reflected in the Rule 11(c)(1)(C) provision in the plea addendum. (ECF No. 37.) Specifically, the addendum states that the parties agreed to make a joint recommendation of 63 months as "an appropriate and reasonable sentence" given the time Petitioner already served in the state case. (ECF No. 37.) Petitioner also expressly agreed not to challenge his state sentence in any way. (ECF No. 37 at 1-2.) On July 2, 2014, in accordance with the plea addendum, this Court sentenced Petitioner to 63 months with credit for time spent in federal custody since March 6, 2014. (ECF No. 38.)

**STANDARD OF REVIEW**

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2)

3

the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States,* 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

## ANALYSIS

### I. Motion to Reduce Sentence

Petitioner filed a Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(2). (ECF No. 45.)[3] Under 18 U.S.C. § 3582(c), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may file a motion asking the Court to reduce his or her sentence. The Court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3582(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 782 of the United States Sentencing Guidelines, which became effective November 1, 2014, reduced the base offense levels in the Advisory Guidelines under § 2D1.1 for cocaine base offenses by 2 levels. The Sentencing Commission provided that Amendment 782 would apply retroactively. U.S.S.G. §§ lB1.10(d), (e)(1).

---

[3] In response to Petitioner's Motion to Reduce Sentence, the Clerk of this Court notified Petitioner that if the Office of the Federal Public Defender (OFPD) determined that Petitioner qualified to seek a sentence reduction under 18 U.S.C. § 3583(c)(2), the OFPD would file a motion on Petitioner's behalf. (ECF No. 46.) The OFPD never filed such motion.

4

However, when a defendant pleads guilty pursuant to a Rule 11(c)(1)(C) plea agreement, his or her eligibility for relief under § 3582(c) and U.S.S.G. Amendment 782 is contingent upon the role of the defendant's advisory Guidelines range in the agreement. *Freeman v. United States*, 564 U.S. 522, 537-41 (2011) (Sotomayor, J., concurring). As Justice Sotomayor explained, a defendant can demonstrate that his or her sentence was "based on" a Guidelines range—and thus that he or she is eligible for § 3582(c) relief—if either of the following exceptions applies: (1) the plea agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range," or (2) the plea agreement "provide[s] for a specific term of imprisonment ... but also make[s] clear that the basis for the specified term is a Guidelines sentence range applicable to the offense" of conviction, provided that "the sentencing range is evident from the agreement itself." *Id.* at 538-39 (Sotomayor, J., concurring); *see also United States v. Frazier*, 531 Fed. App'x. 308, 309-10 (4th Cir. 2013) (delineating the two exceptions to Sotomayor's general rule that an 11(c)(1)(C) plea is not eligible for § 3582(c)(2) reduction).

The parties did not reference Petitioner's sentencing guidelines range in the initial plea agreement or the addendum. (ECF Nos. 29, 37.) Given Petitioner's criminal history category of VI and offense level of 29, his Guidelines range was 151 to 188 months. (ECF No. 32.) Comparing this range to both of the Rule 11(c)(1)(C) recommended sentences, it is "clear that the basis" for the recommended 63 month term was *not* the 151 to 188 month Guidelines range applicable to Petitioner's offense to which he plead guilty. *See Freeman*, 564 U.S. at 539 (Sotomayor, J., concurring); *see also Frazier*, 531 Fed. App'x. at 310 (holding that an 11(c)(1)(C) plea agreement was not eligible for reduction when the agreement did "not

5

make clear that the specified term is a Guideline sentencing range applicable to the sentence of conviction"). Accordingly, the record shows that the advisory Guidelines range for Petitioner's offense did not form the basis for the stipulated sentence in his Rule 11(c)(1)(C) Plea Agreement. For this reason, Petitioner is not eligible for 18 U.S.C. § 3582 relief and his Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(2) (ECF No. 45) is DENIED.

## II. Motion to Correct Sentence

### a. Petitioner's plea was knowing and voluntary

Petitioner's first claim is that he did not knowingly and voluntarily plead guilty to Possession with Intent to Distribute Cocaine because he did not possess crack cocaine. (ECF No. 55 at 2.) Rather, Petitioner asserts that this Court "considered the 41.58 grams of powder cocaine to be crack cocaine." (*Id.*) First, Petitioner's claim is procedurally defaulted. It is well established that issues not raised on direct appeal are deemed procedurally defaulted. *See United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999); *see also Johnson v. United States*, No. 2:13cv353, 2013 WL 12218789, at *3 (E.D. Va. Nov. 21, 2013) (explaining that Petitioner's "claim ha[d] been procedurally defaulted by Petitioner's knowing and intelligent waiver of his appeal rights"). Procedurally defaulted claims cannot be considered in a subsequent § 2255 motion unless the movant can show that either "cause and actual prejudice" resulted from the asserted errors, or that an "imminent miscarriage of justice" would result from a denial of the collateral attack. *Mikalajunas*, 186 F.3d at 492-93. Cause "must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *Id.* at 493. Alternatively, demonstrating

"miscarriage of justice" requires a showing of the movant's "actual innocence by clear and convincing evidence." *Id.* (citing *Murray v. Carrier,* 477 U.S. 478, 496 (1986)).

Petitioner argues that counsel's failure to file an appeal satisfies the cause requirement. (ECF No. 2.) However, denial of effective assistance of counsel is only a ground for cause if a petitioner shows that he or she actually asked counsel to file an appeal. *See United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993) ("[C]riminal defense attorney's failure to file a notice of appeal *when requested* by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel.") (emphasis added); *see also United States v. Poindexter*, 492 F.3d 263, 269 (4th Cir. 2007) ("In sum, we hold that an attorney is required to file a notice of appeal *when unequivocally instructed to do so* by his client.") (emphasis added). Because Petitioner does not indicate or provide evidence that he asked his counsel to file an appeal, Petitioner has not shown cause.

Even if Petitioner's claim was not procedurally defaulted, it fails on the merits. Throughout the record, Petitioner repeatedly confirms that he possessed crack cocaine. As the United States Courts of Appeals for the Fourth Circuit explained in *United States v. Lemaster*, 403 F.3d 216 (4th Cir. 2005), courts must apply a strong presumption that a defendant's declarations affirming a plea agreement in open court are true "because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." *Id.* at 221 (citing *United States v. Bowman,* 348 F.3d 408, 417 (4th Cir.2003)). Because of this presumption, declarations in plea agreements "present 'a formidable barrier in any subsequent collateral proceedings.'" *Id.* (quoting *United States v. White*, 366 F.3d 291, 295-96 (4th Cir. 2004)).

7

The plea agreement included a statement of facts that the Government would have proven had the case gone to trial. (ECF No. 54-2.) Those facts included that the Government recovered "a knotted plastic bag with a white rock substance suspected to be cocaine" which was later analyzed and confirmed as "41.58 grams of cocaine." (*Id.*) Petitioner signed that he had "read this Statement of Facts and carefully reviewed every part of it with [his] attorney" and that he understood and voluntarily agreed to it. (*Id.*) During Petitioner's Rearraignment, counsel for the Government restated these facts. (ECF No. 54-3 at 16-19.) When this Court asked Petitioner if he heard the facts and whether they were true, Petitioner responded that the Government had told the truth and that he was pleading guilty because he was guilty. (*Id.* at 19-20.) This Court then found that Petitioner knowingly and voluntarily entered the plea with the advice of counsel. (*Id.* at 20.) Petitioner has not brought forth any new evidence to contradict this record. Therefore, even if Petitioner's claim was not procedurally defaulted, the record shows that he knowingly and voluntarily pled guilty to Possession with Intent to Distribute Cocaine.

### b. Petitioner's counsel was not ineffective

Petitioner argues that he received ineffective assistance of counsel because he was not "appraised of all the information necessary in order to negotiate and accept a plea."[4] (ECF No. 55 at 4.) Specifically, Petitioner refers to the state court events between Rearraignment and Sentencing which led to the amended plea agreement. A freestanding claim of ineffective assistance of counsel may properly be asserted for the first time in a § 2255

---

[4] Although Petitioner's initial Motion to Vacate (ECF No. 48) states blankly that "didn't intelligently, willingly (Plea)," Petitioner's Response to Government's Opposition (ECF No. 55) clarifies his argument as an ineffective assistance of counsel claim.

petition. *United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991). To state a claim for relief based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). The first, or "performance," prong of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Id.* at 688. In making this determination, courts apply a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688-89. The second, or "prejudice" prong, requires that a petitioner demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687.

In applying the *Strickland* test, the United States Court of Appeals for the Fourth Circuit has noted that there is no reason to address both prongs if the defendant makes "'an insufficient showing on one.'" *Moore v. Hardee*, 723 F.3d 488, 500 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697). Thus, ineffective assistance of counsel claims may be disposed of based solely on a deficiency in satisfying either the "performance" prong or the "prejudice" prong. *See Strickland*, 466 U.S. at 697. The Fourth Circuit has noted further that the mere possibility of a different trial result does not satisfy the burden of proving prejudice. *Hoots v. Allsbrook*, 785 F.2d 1214, 1221 (4th Cir. 1986).

Petitioner has failed to show that his counsel's performance was unreasonable. Petitioner signed the plea addendum acknowledging that he had read it and carefully reviewed every part of it with his attorney. (ECF No. 37 at 3.) The addendum specifically states that "[t]he parties agree that a sentence of imprisonment of 63 months, combined with the period of imprisonment the Defendant has already served in the State Case, is an

appropriate and reasonable sentence under the factors set forth in 18 U.S.C. § 3553(a). (ECF No. 37 at 1.) He also signed that he understood the addendum, voluntarily agreed to it, and was completely satisfied with the representation of his attorney. (ECF No. 37 at 3.) During Petitioner's Sentencing, the Government restated that given Petitioner's time already served in state court, the parties had reached a new agreement to recommend a 63 month sentence. (ECF No. 54-5 at 3.) This Court asked Petitioner to review the addendum and confirm whether he recognized it and whether it was his signature. (*Id.* at 5.) In response, Petitioner confirmed that it was his signature and he had read the addendum and discussed it with counsel. (ECF No. 54-5 at 5.)

Even if Petitioner's claim met the performance prong, his claim fails the prejudice prong of *Strickland*. Petitioner argues that he "would have received a better plea bargain had counsel . . . argued . . . that petitioner's state sentence was based on erroneous information and that, had petitioner known this before he decided to plea guilty, the federal court may have taken this into consideration." (ECF No. 55). Contrary to Petitioner's assertion, that is what the parties and this Court did. The initial plea agreement contained a joint recommendation of 63 to 132 months, which was already below the advisory guidelines range of 151 to 188 months. (ECF No. 32 at 15.) After the state court proceeding, the plea agreement addendum then recommended Petitioner only be sentenced to 63 months. This Court granted the parties' request and Petitioner was sentenced to 63 months. (ECF No. 54-

5 at 13).[5] Accordingly, Petitioner's ineffective assistance of counsel claim is denied and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 48) is DENIED.

## CONCLUSION

For the reasons stated above, Petitioner's Motion for Extension of Time to File 28 U.S.C. § 2255 (ECF No. 41) is DENIED as MOOT; the Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(2) (ECF No. 45) is DENIED; the Motion to Vacate, Set Aside or Correct Sentence (ECF No. 48) is DENIED; and Petitioner's Motion to Appoint Counsel (ECF No. 57) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Griffin's claims debatable, a certificate of appealability is DENIED.

---

[5] In Petitioner's Response, he also argues that counsel was ineffective for failing to seek a concurrent, rather than a consecutive, sentence. (ECF No. 55.) However, as the parties and this Court agreed during sentencing, once Petitioner was transferred to federal custody that issue became moot. (ECF No. 54-5 at 8.)

A separate Order follows.

Dated: October 3, 2017

                                             /s/

                                        Richard D. Bennett

                                        United States District Judge